UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JAMAAL RUSS,

            Plaintiff,

against

Darrell Chavers (Police Office 73 Pct.),
John Doe # 2 (Police Officer 73 Pct.),
John Doe #3 (Police Officer 73 Pct.),
Charles J. Hynes, DISTRICT ATTORNEY,
KINGS COUNTY, STATE OF NEW YORK,
Joshua Charlton, ASSISTANT DISTRICT
ATTORNEY, KINGS COUNTY, STATE
OF NEW YORK; Katherine Teitgen, ASSISTANT
DISTRICT ATTORNEY, KINGS COUNTY, STATE
OF NEW YORK; Alyshea Austern; ASSISTANT
DISTRICT ATTORNEY, KINGS COUNTY,
STATE OF NEW YORK;  Ray Kelly COMMISIONER
NEW YORK CITY POLICE DEPARTMENT; NEW
YORK CITY POLICE DEPARTMENT; DISTRICT
ATTORNEYS' OFFICE OF KINGS COUNTY
STATE OF NEW YORK; CITY OF NEW YORK;
STATE OF NEW YORK; in their Individual
and Official capacities;
            Defendants.

---

**AMENDED COMPLAINT
INTERLOCUTORY
WRITTEN NARATIVE
STATEMENT**

Jury Trial Demanded

10 CV 01370 (JO)(SLT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 29 2011 ★

BROOKLYN OFFICE

    COMES NOW, Plaintiff, JAMAAL RUSS, who respectfully submits this AMENDED COMPLAINT as follows:

## INTRODUCTION AND JURISDICTION

    1. This Amended Complaint is set forth in response to the Courts' Order for Plaintiff to submit revised amended complaint together with a written narrative statement.

    2. This amended complaint brings forth, adopts, and incorporates the original complaint in its entirety, appearing additional Defendants, facts and law as stated herein.

1

3. This is an action at law to redress the deprivation by the defendants, acting under color of state statue, ordinance, regulations, customs and/or usage of a privilege or immunity secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, with intent to deny Plaintiff his civil rights, all which rise under federal law, particularly Title 42 U.S.C. section 1983, 1985, 1988 Title 18 U.S.C. sections 241, 242 and the Constitutions, Laws and Statutes of the United States and the State of New York. Plaintiff is seeking monetary damages.

4. Exclusive jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

5. At all times relevant to this complaint, Plaintiff Jamaal Russ resides at 706 Jefferson Ave, First Floor, Brooklyn NY 11221.

6. At all times relevant, Defendant Darrel Chavers is a municipal agent, servant, employee in his individual and official capacity of Police Officer New York City, and was acting under color of state law. His principle place of business is 73 Pct., Brooklyn NY.

7. At all times relevant, Defendant John Doe #2 is a municipal agent, servant, employee in his individual and official capacity of Police Officer New York City, and was acting under color of state law. His principal place of business is 73 Pct. Brooklyn NY.

8. At all times relevant, Defendant John Doe #3 is a municipal agent, servant, employee in his individual and official capacity of Police Officer New York City, and was acting under color of state law. His principal place of business is 73 Pct., Brooklyn NY.

9. At all times relevant, Defendant Ray Kelly is a agent, servant, employee in his individual and official capacity of Commissioner New York City Police Department, and was acting under color of state law. His principal place of business is One Police Plaza, NYC NY.

10. At all times relevant, Defendant Charles Hynes is a municipal agent, servant, employee in his individual and official capacity of District Attorney, Kings County, State of New York, was acting under color of state law. His principle place of business is 350 Jay Street, Brooklyn N.Y. 11201.

11. At all times relevant, Defendant Joshua Charlton is a municipal agent, servant, employee in his individual and official capacity of Assistant District Attorney, Kings County, State of New York, was acting under color of state law. His principle place of business is 350 Jay Street, Brooklyn, N.Y. 11201.

12. At all times relevant, Defendant Katherine Teitgen, is a municipal agent, servant, employee in her individual and official capacity of Assistant District Attorney, Kings County, State of New York, was acting under color of state law. Her principle place of business is 350 Jay Street, Brooklyn N.Y. 11201.

13. At all times relevant, Defendant Alyshea Austern is a municipal agent, servant, employee in her individual and official capacity of Assistant District Attorney, Kings County, State of New York, was acting under color of state law. Her principle place of business is 350 Jay Street, Brooklyn N.Y. 11201.

14. At all times relevant, Defendant District Attorney Office of Kings County, is a Domestic Municipal Corporation / Political Subdivision elected and charged with a duty to promulgate policy, customs, regulations, train, supervise and employ Defendants was acting under color of state law within its official capacity, which principle place of business is 350 Jay Street, Brooklyn, N.Y. 11201.

15. At all times relevant, Defendant State of New York, is a Domestic Municipal Corporation / Political Subdivision duly organized and existing by virtue of the laws of the State

of New York, charged with the duty to promulgate policy, customs, regulations, train, supervise and employ Defendants was acting under color of state law within its official capacity.

16. At all times relevant, Defendant New York City Police Department, is a Domestic Municipal Corporation / Political Subdivision duly organized and existing by virtue of the laws of the City of New York, charged with the duty to promulgate policy, customs, regulations, train , supervise and employ Defendants was acting under color of city law within its official capacity.

17. At all times relevant, Defendant City of New York, is a Domestic Municipal Corporation / Political Subdivision duly organized and existing by virtue of laws of the City of New York, charged with the duty to promulgate policy, customs, regulations, train, supervise and employ Defendants was acting under color of state law within its official capacity.

## NARRATIVE WRITTEN STATEMENT

18. On or about March 15, 2008, Plaintiff was arrested by defendants Chavers, John Doe #1 and John Doe #3. The defendants arrested plaintiff after approximately nine (9) months of investigating a shooting incident. During said investigation the shooting victim clearly asserted that plaintiff was not the person who shot him. Absent of a complaining witness the Defendants Chavers, John Doe #2 and John Doe #3 step out of bounds of their official capacity and became the complainant. Defendants were given sufficient evidence that plaintiff did not shoot the victim and conspired with reckless disregard for the truth. To maliciously prosecute plaintiff by initiating false arrest and presenting witnesses who did not see the shooting to a Judge in order to feign probable cause for an arrest warrant. Plaintiff contends that the arrest warrant was obtained thru conspiracy, fraud and misleading information. Franks V. Delaware, 438 U.S. 154.

19. At the time of Grand Jury proceedings, the shooting victim again clearly asserted to Defendant Charlton that plaintiff was not the person who shot him. Defendants Charlton, Chavers, John Doe #2 and John Doe #3 continued the conspiracy to maliciously prosecute plaintiff by obtaining an Information and/or indictment. The Grand Jury presentment consisted of no complainant but only witnesses, who did not see the shooting, a reasonably objective prosecutor would have known that no probable cause was evident. The defendants fashioned and corrupted evidence to feign cause to prosecute. Plaintiff contends that the information and/or indictment was obtained thru conspiracy, fraud and misleading information.

20. Before the start of Jury Trial, and during his trial testimony the shooting victim again clearly asserted to defendants Teitgen, and Austern that plaintiff was not the person who shot him. These defendants continued the conspiracy to maliciously prosecute plaintiff by becoming the complainant and trying him in a Court of law. When the victim informed them on numerous occasions that plaintiff is his assailant. The Defendants maliciously prosecuted plaintiff without a accuser, probable cause, and no legal evidence. Plaintiff was acquitted of all charges by a jury trial in Kings County on March 20, 2009. The venality of the defendants "shocks the conscience".

21. Defendants Hynes, Kings County District Attorneys Office and Kelly, New York City Police Department promote unconstitutional, written and/or unwritten policies which allow their subordinates to falsely arrest and maliciously initiate prosecution, upon plaintiff in lieu of victims' declaration that plaintiff did not shoot him.

22. Defendants City of New York, State of New York promote unconstitutional, written and/or unwritten policies which allows its agencies to falsely arrest and maliciously initiate prosecution, upon plaintiff in lieu of victim's declaration that plaintiff did not shoot him.

## MEMORANDUM OF LAW

23. Freedom from malicious prosecution is a constitutional right. Kinzer v. Jackson, 316 F3d 139.

24. A cause of action for malicious prosecution in NY has for elements. Under New York law, malicious prosecution claims requires: (1) initiation of or continuation of charges by defendant against the plaintiff, (2) begun with malice, (3) without probable cause to believe it can succeed, (4) terminates in favor of plaintiff. Murhpy v. Lynn, 118 F3d 938.

25. So called "substantive due process" prevents the government from engaging in conduct that "shocks the conscience" Rochin v. California, 342 U.S. 165 or interferes with rights "implicit in the concept of ordered liberty". Palko v. Connecticut, 302 U.S. 319.

26. The Sixth Amendment right of confrontation secures plaintiffs' right to face his accuser.

## IMMUNITY

27. Qualified immunity shields a government employee acting in his official capacity from suit for damages under 42 U.S.C. § 1983, unless the employees conduct violated clearly established rights which objectively reasonable official would have known. Harlow v. Fitzgerald, 457 U.S. 800.

28. By its terms, §1983 "creates a species of tort liability that on its face, admits of no immunities." Imbler v. Pachman, 424 U.S. 409. its language is absolute and unqualified, and no mention is made of any privileges, immunities, or defenses that may be asserted. Rather, the statute imposes liability upon "every person" (held in Monell v. New York City Dept. of Social Services, 436 U.S. 658, to encompass municipal corporations) who, under color of state law or custom, "subjects, or causes to be subjected, any citizen of the United States... to the deprivation

of any rights, privileges, or immunities secured by the constitution and laws." Owens v. CITY OF INDEPENDENCE, 445 U.S. 622.

29. Local governing bodies (and local officials sued in their official capacities) can be sued directly under § 1983 for monetary, declaratory, and injunctive relief in situations with allegations of unconstitutional implements, polices, ordinance, regulation, or decision officially adopted or promulgated by those who edicts or **acts may fairly be said to represent official policy. Id. Monell.**

## CAUSES OF ACTION

30. Defendants Chavers, John Doe #2 and John Doe #3 conspired to falsely arrest and initiate malicious prosecute plaintiff by fraud and misleading information. Their actions deprived Plaintiffs' rights, to probable cause, and substantive due process inter alia. CONST. AMEND. IV, V, XIV.

31 Defendants Charlton, Teitgen and Austern conspired to continue the malicious prosecution of plaintiff by fraud and misleading information. Their actions deprived Plaintiffs' rights to probable cause, substantive due process, right to be free from government excess, and right of confrontation. CONST. AMEND. IV, V, VI, XIV.

32 Defendants Hynes, Kings County District Attorneys' Office, Kelly, New York City Police Department promote unconstitutional written and/or unwritten practices which allowed plaintiffs' rights to be violated Their practices deprived Plaintiffs rights to probable cause, substantive due process, right to be free from government excess, and rights of confrontation, CONST. AMEND. IV, V, IV, XIV.

33. Defendants City of New York, State of New York promote unconstitutional written and/or unwritten policies which allowed its subordinates to violate plaintiffs rights to probable

cause, substantive due process, right to free from government excess, and rights of confrontation. CONST. AMEND IV, V, VI, XIV.

### RELIEF REQUESTED

34. Plaintiff seeks compensatory damages from defendants Hynes, Kelly, Charlton, Teitgen, Austern, Chavers, Doe #1, Doe #2 $3,000,000.00 each in their official capacity; and $1,000,000.00 each in their individual capacity, with an additional $1,000,000.00 each for punitive damages.

35. Plaintiff seeks compensatory damages from defendants District Attorney Office of Kings County, New York City Police Department, City of New York and the State of New York $3,000,000.00 each, with an additional $3,000,000.00 each for punitive damages in their official capacity.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true correct, complete and not misleading.

Dated: August 25, 2011

JAMAAL RUSS, Pro se litigant
706 Jefferson Ave, 1st Floor
BROOKLYN, NY 11221

I declare under the penalty of perjury that on this 25 day of August, 2011, I will deliver this Amended Complaint to the District Court for the Eastern District of New York, via First Class Mail.

Plaintiff Pro se litigant

★ AUG 29 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**AFFIRMATION OF SERVICE**

**AMENDED COMPLAINT INTERLOCUTORY WRITTEN NARRATIVE STATEMENT**

Jury Trial Demanded

10 CV 01370 (JO)(SLT)

1. I JAMAAL RUSS, being the age of 18, and mailing address of 706 Jefferson Ave, 1st floor, Brooklyn NY 11221.

2. On this 25 of August, 2011, I served the above-entitled via First Class Mail, to the following address:

> THE CITY OF NEW YORK
> LAW DEPARTMENT
> 100 CHURCH STREET
> NEW YORK NY 10007

I declare under the penalty of perjury that on this 25 day of August, 2011, I will deliver these papers, to the above-listed via First Class Mail.

_____
Plaintiff, Pro se

1