UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMAAL RUSS,                                    REPORT AND
                          Plaintiff,            RECOMMENDATION
            -against-
DARRELL CHAVERS, et al.,                        10-CV-1370 (SLT) (JO)
                          Defendant.
----------------------------------------------------------------X

James Orenstein, Magistrate Judge:

Plaintiff Jamaal Russ ("Russ") has sued defendant Detective Darrell Chavers for violating his civil rights under color of state law. Docket Entry ("DE") 24 (Amended Complaint); *see* 42 U.S.C. § 1983. He now seeks leave to name several new defendants, including the office that prosecuted him and several of its employees – the District Attorney's Office of Kings County (the "DA's Office"), District Attorney Charles J. Hynes, Assistant District Attorney Joshua Carlton, ADA Katherine Teitgen, and ADA Alyshea Austern (collectively the "DA Defendants") – as well as New York City Police Commissioner Raymond Kelly, and the City and State of New York. DE 36. For the reasons that follow, I now respectfully recommend that the court deny the motion.[1]

I.   Background

On August 22, 2007, an individual identified in the record of this case only by his initials was shot in the abdomen outside the Langston Hughes public housing complex in Brooklyn. DE 37 ("Def. Stmt.") at 1.[2] The victim and several eyewitnesses later told detectives that a person they knew as "Black" had been the assailant. *Id.* at 1-2. One of those witnesses provided the detectives

---

[1] I would normally dispose of a motion to amend a complaint by an order issued on my own authority. *See* 28 U.S.C. § 636; Loc. Civ. R. 72.1. However, denial of the requested amendment on futility grounds – the result I believe to be appropriate here – is essentially dispositive. For that reason, I recommend, rather than order, the resolution of the instant motion.

[2] The victim's initials are alternately rendered as J.T. and T.J. *Compare id.* at 1 *with id*. Ex. O at ECF 145-46. References to page numbers using the "ECF" suffix are to the unique page identifiers assigned by the court's electronic docketing system.

with Black's address, including his apartment number. *Id.* at 2. The same witness later viewed an array of photographs and selected a picture of plaintiff Russ as the person he knew as Black. *Id.* On March 14, 2008, Russ was arrested at a correctional facility where he was incarcerated on an unrelated matter. *Id.* at 3. Russ was later indicted on charges of attempted murder, assault, and weapons possession. *Id.* At his trial in March 2009, the victim, who appeared pursuant to a material witness order, testified that Russ was not the person who had shot him, and the jury acquitted Russ on all charges. *Id.* at 4 & Ex. O at ECF 145, ECF 148; DE 36 (Proposed Amended Complaint) ¶ 20.

Russ filed his original complaint in this action on March 24, 2010; at that time he named as defendants three "John Doe" police officers. DE 1. On April 19, 2011, Russ amended the Complaint to name Chavers as one of those officers. DE 24. On July 18, 2011, Russ sought leave to file an amended complaint adding the DA Defendants and the City and State of New York (but not Kelly). DE 29. At a status conference on July 29, 2011, I discussed with Russ several potential defects that might undermine his proposed claims against the new defendants and offered him an opportunity to revise the pleading by August 29, 2011. DE 31. On that date, Russ did just that, although instead of narrowing his proposed new claims he expanded them by adding Commissioner Kelly to the roster of new defendants. DE 36. The proposed amendment purports to sue all of the defendants "in their Individual and Official capacities." *Id.*[3]

---

[3] When Russ first sought leave to amend, he omitted Chavers' name, as well as the two John Doe officers, from his proposed pleading. DE 29. The revised version included all three defendants. DE 36. Chavers answered the claims against him on August 4, 2011. DE 33.

II.      Discussion

    A.      Applicable Law

The motion to amend the complaint to add new defendants implicates both Rule 15(a) and Rule 21 of the Federal Rules of Civil Procedure. *See Momentum Luggage & Leisure Bags v. Jansport, Inc.*, 2001 WL 58000, at *1-*2 (S.D.N.Y. Jan. 23, 2001). The former allows a party to amend its pleading once as a matter of course within twenty-one days after a responsive pleading is served or "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). The latter provides that a court "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Both rules trigger the same standard of review. When a party seeks the court's permission to amend under Rule 15(a), the Supreme Court has clearly stated that in the absence of reasons to deny the application such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party … futility of amendment, etc.[,] the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Rule 21 likewise allows a court broad discretion to add a party, *Sullivan v. West New York Residential, Inc.*, 2003 WL 21056888, at *1 (E.D.N.Y. March 4, 2003), and the exercise of that discretion should be "guided by the same standard of liberality afforded to motions … under Rule 15." *Rissman v. The City of New York*, 2001 WL 1398655, at *1 (S.D.N.Y. Nov. 8, 2001).

Chavers opposes the addition of the new claims solely on the ground that they are futile. The standard for assessing futility is the same as for a motion for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See*, *e.g.*, *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Amna v. New York State Dep't of Health*, 2009 WL 6497844, at * 1 (E.D.N.Y. Sept.3,

2009) (quoting *Crippen v. Town of Hempstead*, 2009 WL 803117, at *1 n. 1 (E.D.N.Y. Mar.25, 2009)). I must therefore accept the proposed amended complaint's material factual allegations as true, and I may not deny leave to amend on the ground of futility unless the proposed pleading fails to set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The issue is not whether a [movant] is likely to prevail ultimately, but whether [he] is entitled to offer evidence to support his claims." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998) (citations omitted). Moreover, because Russ is representing himself, his pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, I read his allegations "liberally" and interpret them "to raise the strongest arguments that they suggest." *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995); *see Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009).

B. <u>Analysis</u>

1. <u>Claims Against The DA Defendants As Individuals</u>

Prosecutors enjoy absolute immunity from suits brought against them in their individual capacities under 42 U.S.C. § 1983 for their "acts that are 'intimately associated with the judicial phase of the criminal process.'" *Warney v. Monroe County*, 587 F.3d 113, 121 (2d Cir. 2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Thus, "prosecutors have absolute immunity to decide whether to commence a prosecution and make similar decisions … such as moving to suppress evidence and choosing which witnesses to call." *Bail v. Ramirez*, 2007 WL 959045, at *5 (S.D.N.Y. March 29, 2007) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). "[T]he prosecutor is shielded from liability for damages for commencing and pursuing the

4

prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005).

In essence, Russ alleges that the DA Defendants unfairly and maliciously prosecuted him despite a lack of credible evidence and despite the victim's assertion that Russ was not guilty. *See* DE 36 ¶¶ 19-20. These allegations clearly relate to the judicial phase of the criminal process and, as such, cannot support a claim against the DA Defendants in their individual capacities. *Houston v. Nassau County*, 2011 WL 477732, at *3 (E.D.N.Y. Feb. 2, 2011) ("[T]he decision regarding whether or not to initiate prosecution is a quintessential prosecutorial function that is entitled to absolute immunity."); *Rodriquez v. State of New York,* 1996 WL 197749, at *2 (S.D.N.Y. April 23, 1996) ("Prosecutors are absolutely immune from being sued for damages in their individual capacities pursuant to § 1983 for their decision as to whether or not to initiate criminal proceedings against an individual"); *see also Imbler*, 424 U.S. at 431 (affirming the grant of absolute immunity where prosecutor allegedly suppressed exculpatory evidence and knowingly adduced false testimony to secure a conviction).

2. <u>Claims Against The DA Defendants As Officials And The State</u>

Russ also fails to state a viable claim against the DA Defendants in their official capacities or against the State of New York. The Eleventh Amendment to the United States Constitution bars suits in federal court against "one of the United States by Citizens of another State." This language has been interpreted to bar suits against "states brought by their own citizens." *Dwyer v. Regan,* 777 F.2d 825, 835 (2d Cir.1985) (citations omitted); *accord Dube v. State Univ. of N.Y.,* 900 F.2d 587, 594 (2d Cir.1990) (quotation omitted). "To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled

to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir.1993). Thus, to the extent the DA Defendants are sued in their official capacities for the conduct of prosecutions, they enjoy the immunity conferred by the Eleventh Amendment. *See id.* at 536; *see Rodriguez*, 1996 WL 197749, at *2 ("[W]hen sued in their official capacities for damages for [deciding whether to prosecute], prosecutors are cloaked with Eleventh Amendment immunity."). As a result, the claims Russ seeks to assert against the State and against DA Defendants in their official capacities are futile.

        3.      <u>Claims Against Commissioner Kelly And The City</u>

A suit for damages against a municipal officer in his or her official capacity is the equivalent of a damage suit against the municipality itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "[t]o the extent the Police Commissioner is being sued in his official capacity, any claim against him is merely duplicative of the action against the City." *Nogue v. City of New York*, 1999 WL 669231, at *7 n.13 (E.D.N.Y. Aug. 27, 1999). "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). The City may not be held liable for its employees' constitutional violations under a general respondeat superior theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 69 (1978). Instead, Russ must plead "the existence of a municipal policy or custom ... that caused his injuries beyond merely employing the misbehaving officer[s]" and "a causal connection – an 'affirmative link' – between the policy and the deprivation of his constitutional rights." *Vippolis v. Vill. of Haverstraw,* 768 F.2d 40, 44 (2d Cir.1985) (quoted in *Harper v. City of New York*, 424 Fed. App'x 36, 38 (2d Cir. 2011)).

6

Here, the proposed amended complaint contains conclusory allegations that the City and Commissioner Kelly "promote unconstitutional, written and/or unwritten policies which allows [sic] its agencies to falsely arrest and maliciously initiate prosecution, upon plaintiff in lieu of [the] victim's declaration that plaintiff did not shoot him." *See* DE 36 ¶¶ 21-22. Reading this allegation liberally and interpreting it to raise the strongest arguments it suggests, I infer that Russ asserts that the City and its Police Commissioner have adopted a policy of initiating and continuing criminal charges against defendants in the face of exculpatory evidence by alleged victims. But the record shows no reason to believe that such a claim is anything other than conclusory and speculative. To be sure, Russ adequately alleges that Chavers arrested him despite knowledge that the victim had said Russ was not the assailant. *See* DE 36 ¶ 18. But he makes no factual allegation that remotely supports his conclusion that Chavers and others acted pursuant to a policy adopted or promoted by the City or its Police Commissioner. I therefore conclude that his *Monell* claim is futile. *See Ying Jing Gan*, 996 F.2d at 536 (the "mere assertion ... that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference") (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)); *Cerbelli v. City of New York*, 600 F.Supp.2d 405, 411 (E.D.N.Y. 2009) (holding same).

The claims against Commissioner Kelly as an individual are likewise futile because Russ does not make any non-conclusory factual allegation about that defendant. "An individual cannot be held liable for damages under § 1983 'merely because he held a high position of authority,' but can be held liable if he was personally involved in the alleged deprivation." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)).

III. Conclusion

For the reasons set forth above, I respectfully recommend that the court deny the plaintiff's motion for leave to file an amended complaint.

IV. Objections

I direct the defendant's counsel to provide a copy of this Report and Recommendation to the plaintiff, and to file proof of such service no later than December 19, 2011. Any objections to this Report and Recommendation must be filed on the electronic docket no later than January 3, 2012. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
December 14, 2011

                                                  /s/
                                          JAMES ORENSTEIN
                                          U.S. Magistrate Judge