UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JAMAAL RUSS,

                        Plaintiff,

    -against-

DARRELL CHAVERS (Police Officer 73 Pct.), *et al.*,

                        Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-1370 (SLT)(JO)

**TOWNES, United States District Judge:**

       Plaintiff Jamaal Russ, proceeding *pro se*, moves for permission to amend his complaint in this action, seeking to add nine new defendants. In a report and recommendation dated December 14, 2010 (the "R&R"), Magistrate Judge James Orenstein ("Judge Orenstein") recommended that plaintiff's motion be denied because the proposed new claims are futile. Plaintiff objects to the R&R, asserting that it would be "unfair" to deny him permission to amend his complaint. For the reasons set forth below, this Court concurs with Judge Orenstein's conclusion that it would be futile to permit plaintiff to amend his pleading in the manner he proposes and denies plaintiff's motion to amend.

***BACKGROUND***

       In March 2008, plaintiff was arrested and charged with the August 2007 shooting of one Tyrone Jordan. Two years later, after a trial at which he was acquitted of all charges, plaintiff commenced this action pursuant to 42 U.S.C. §1983 against three police officers – John Does #1, #2 and #3 – alleging false arrest. The only relief sought in plaintiff's one-page initial complaint was money damages in the amount of "five million from each defendant" (Complaint at ¶ IV).

In mid-July 2011 – about three months after a conference at which Detective Darrell Chavers was substituted for John Doe #1 – plaintiff moved for permission to amend his complaint. Plaintiff's proposed amended complaint, which was attached to his motion, would have added seven new defendants: the State of New York; the City of New York; the Kings County District Attorney's Office; the Kings County District Attorney, Charles J. Hynes; and three of his assistants: Joshua Charlton, Katherine Teitgen, and Alyshea Austern. However, the proposed amended complaint did not name Chavers and the other Doe defendants.

In late August 2011, after a conference at which Judge Orenstein discussed defects in the proposed amended complaint and granted plaintiff leave to file a revised version, plaintiff filed a revised proposed amended complaint (the "Proposed Pleading"). This Proposed Pleading named Chavers and the two Doe defendants, as well as the seven new defendants named in the original proposed amended complaint. It also named two additional defendants: the New York City Police Department ("NYPD") and its Commissioner, Raymond Kelly.

Like the original complaint, the Proposed Pleading principally advanced claims pursuant to 42 U.S.C. §1983. In a section entitled, "Causes of Action," the Proposed Pleading alleged that defendants Chavers, John Doe #2 and John Doe #3 "conspired to falsely arrest" and maliciously prosecute plaintiff, and that the three Assistant District Attorneys "conspired to continue the malicious prosecution of plaintiff" (Proposed Pleading at ¶¶30-31). The claims against the remaining defendants were not as specific. The Proposed Pleading alleged that the Kings County District Attorney's Office, District Attorney Hynes, the NYPD and Commissioner Kelly "promote[d] unconstitutional written and/or unwritten practices which allowed plaintiff's rights to be violated," and that the City and State of New York "promote[d] unconstitutional written

2

and/or unwritten policies which allowed its subordinates to violate plaintiff's rights . . ." (*id.* at ¶¶32-33).

The Proposed Pleading was unlike the original complaint, however, in that it referenced sections other than 42 U.S.C. §1983. Specifically, paragraph 3 of the Proposed Pleading cited to 42 U.S.C. §1985, as well as 18 U.S.C. §§241 and 242, and implied that plaintiff was attempting to raise claims under these federal statutes. These statutes were not mentioned in any other portion of the Proposed Pleading.

### *Judge Orenstein's R&R and Plaintiff's Objection*

On December 14, 2011, Judge Orenstein issued his R&R, recommending that plaintiff's motion be denied on the grounds that it would be futile to amend the complaint in the manner plaintiff proposed. The R&R noted that plaintiff's claims against District Attorney Hynes and the three Assistant District Attorneys were barred by the doctrine of absolute prosecutorial immunity (R&R at 4-5), and that the Eleventh Amendment precluded plaintiff from recovering money damages from these individuals in their official capacities or from the State of New York (*id.* at 5-6). In addition, the R&R concluded that the Proposed Pleading's allegations of unconstitutional practices or policies were too conclusory to state a claim against the City of New York and Police Commissioner Kelly (*id.* at 6-7). The R&R did not address the claims against the NYPD, or mention 42 U.S.C. §1985 or 18 U.S.C. §§241 and 242.

On January 3, 2012, this Court received a signed, one-page letter from plaintiff, dated December 26, 2011. Although the submission is not labeled an objection, the substance of the letter – which repeatedly characterizes the R&R as "unfair" – suggests that it was intended to raise objections to the R&R. The letter does not, however, identify any specific portions of the

3

R&R, or raise any particular objections. For example, the letter does not address the prosecutorial immunity and Eleventh Amendment issues discussed in the R&R. Rather, the letter asserts that the Proposed Pleading states a claim for malicious prosecution and false arrest, and states that this "should be enough for the amended complaint to move forward and discover who is really at fault . . . ."

## *DISCUSSION*

### *Standard of Review*

In light of plaintiff's *pro se* status, plaintiff's one-page letter dated December 26, 2011, is liberally construed as an objection to the R&R. In reviewing plaintiff's objection, this Court applies the standard of review set forth in 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(3) of the Federal Rules of Civil Procedure. Under both of these provisions, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." 28 U.S.C. § 636(b) (1)(C); *see* Fed. R. Civ. P. 72(b)(3). Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The Judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### *Prosecutorial Immunity and the Eleventh Amendment*

Plaintiff's letter does not specifically address those portions of the R&R which discussed the doctrine of prosecutorial immunity or the Eleventh Amendment. Accordingly, there is no need to review de novo these portions of the R&R. Nonetheless, this Court has reviewed these portions, and concurs with Judge Orenstein's conclusions.

First, "prosecutors are absolutely immune from liability under §1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' . . . insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1991)). This absolute immunity "bars suit for malicious prosecution, even in the complete absence of even arguable probable cause." *Armatas v. Maroulleti*, No. 08-CV-310 (SJF)(RER), 2010 WL 4340437, at *12 (E.D.N.Y. Oct. 19, 2010) (citing *Bernard v. County of Suffolk*, 356 F.3d 495, 502-05 (2d Cir. 2004)); *see also Conte v. County of Nassau*, No. 06-CV-4746 (JFB)(ETB), 2010 WL 3924677, *16 (E.D.N.Y. Sept. 30, 2010) ("Assuming *arguendo* that there was no probable cause to continue the prosecution . . . , the County defendants are protected by absolute immunity with respect to the decision to continue the ongoing prosecution."). Since plaintiff's claims against District Attorney Hynes and the three Assistant District Attorneys are all predicated on plaintiff's allegations that these defendants prosecuted him without probable cause, these claims are barred by prosecutorial immunity.

Second, plaintiff's official-capacity claims against District Attorney Hynes and the three Assistant District Attorneys, as well as plaintiff's claims against the Kings County District Attorneys Office and the State of New York, are barred by the Eleventh Amendment. Although the express language of the Eleventh Amendment does not prohibit a state's own citizens from maintaining an action against the state in federal court, the Supreme Court has "extended a State's protection from suit to suits brought by the State's own citizens." *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). A state can waive its Eleventh Amendment protection and allow a federal court to hear and decide a case

commenced or prosecuted against it. *Id.* at 267. However, "[i]t is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment," to the extent that the suit seeks money damages. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, since claims for money damages against state employees in their official capacities are effectively claims against the state itself, such claims are also barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

The State of New York has not waived its Eleventh Amendment protection. The Kings County District Attorney's Office "is an arm of the State of New York and thus (to the extent the Office may be sued at all) any claims against it or its employees in an official capacity are barred by the doctrine of state sovereign immunity." *McFadden v. City of New York*, No. 10-CV-01176 (RRM)(VVP), 2010 WL 1930268, at *1 (E.D.N.Y. May 11, 2010) (bracketed material added).[1]

### Failure to State a Claim against the City of New York, the NYPD and Commissioner Kelly

Construed liberally, plaintiff's letter may be read as objecting to Judge Orenstein's

---

[1] Moreover, several district courts in this Circuit have held that a District Attorney's Office is not a suable entity. *See, e.g., Toliver v. City of New York*, Nos. 10 Civ. 3165 (PAC)(JCF), 10 Civ. 6619 (PAC)(JCF), 2011 WL 4964919, at *4 (S.D.N.Y. Sept. 15, 2011) (citing cases); *see also Steed v. Delohery*, No. 96 Civ. 2449 (RPP), 1998 WL 440861, at *1 (S.D.N.Y. Aug. 4, 1998). "The capacity of the Office to be sued is determined by New York law, . . . and '[u]nder New York law, the [Office] does not have a legal existence separate from the District Attorney.'" *White v. Vance*, No. 10 CV 6142 (NRB), 2011 WL 2565476, at *4 (S.D.N.Y. June 21, 2011) (quoting *Woodward v. Office of DA*, 689 F. Supp. 2d 655, 658 (S.D.N.Y. 2010)).

conclusion that the Proposed Pleading failed to state a claim against the City of New York, the NYPD, and Commissioner Kelly.[2] Accordingly, this Court will consider this issue *de novo*.

Preliminarily, this Court notes that the Proposed Pleading does not contain any factual allegations concerning the City, the NYPD or Commissioner Kelly. The only allegation concerning these three defendants is that these defendants "promote[d] unconstitutional written and/or unwritten policies which allow[ed] its agencies to falsely arrest and maliciously initiate prosecution" (Proposed Pleading at ¶¶21-22). The Proposed Pleading does not identify any specific actions or omissions by any of these defendants, or identify a specific policy or custom.

These conclusory allegations are insufficient to state a claim under 42 U.S.C. §1983. "[I]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d. 880, 885 (2d Cir. 1991)). Supervisory liability cannot rest on *respondeat superior* or on "linkage in the ... chain of command." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Here, plaintiff has not alleged facts to suggest personal involvement or any basis for liability other than *respondeat superior*.

---

[2] Although Judge Orenstein did not expressly address the Proposed Pleading's claims against the NYPD, the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. Accordingly, the NYPD is not a suable entity, and claims against the NYPD can be construed as claims against the City. *See, e.g., Rivera v. City of New York*, No. 10 Civ. 1047 (LTS)(GWG), 2011 WL 5979210, at *3 (S.D.N.Y. Nov. 30, 2011) (citing cases).

In addition, these allegations do not suggest any basis for a claim under 42 U.S.C. §1985. Since subsections (1) and (2) of §1985 are inapplicable, the Proposed Pleading's reference to §1985 presumably relates to subsection (3).[3] However, "[t]o state a cause of action under §1985(3), a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). A plaintiff "must allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." *Id.* at 147. "[A] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional

---

[3]This subsection provides, in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

rights cannot withstand a motion to dismiss." *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (quoting *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983)).

In this case, the Proposed Pleading does not specifically allege a conspiracy, much less allege overt acts on the part of any of the three defendants. Accordingly, to the extent plaintiff was attempting to allege a claim under §1985(3), the allegations in the Proposed Pleading are insufficient to state a claim under this statute.

Although the Proposed Pleading also refers to 18 U.S.C. §§241 and 242, plaintiff cannot sue under these statutes. These are criminal statutes, and "[a] private citizen does not have a constitutional right to . . . compel the initiation of criminal proceedings." *Lis v. Leahy*, No. CIV-90-834E, 1991 WL 99060 at *1 (W.D.N.Y. June 3, 1991); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"); *Solomon v. H.P. Action Center, H.P.D.*, No. 99 Civ. 10352 (JSR), 1999 WL 1051092, at *1 (S.D.N.Y. Nov. 19, 1999) ("criminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue or cease prosecution").

## CONCLUSION

For the reasons stated above, this Court concurs with Judge Orenstein's conclusion that it would be futile to permit plaintiff to amend his pleading in the manner he proposes. Plaintiff's Proposed Pleading fails to state a claim against the City of New York, the NYPD, or Commissioner Kelly. Plaintiff's claims against District Attorney Hynes and Assistant District Attorneys Charlton, Teitgen, and Austern are barred by prosecutorial immunity, and plaintiff's official-capacity claims against these four defendants, along with plaintiff's claims against the

Kings County District Attorneys Office and the State of New York, are barred by the Eleventh Amendment. Accordingly, plaintiff's motion to amend his complaint is denied.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: January 17, 2012
Brooklyn, New York

10