10 CV 1370 (SLT)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMAAL RUSS

Plaintiff,

-against-

DARRELL CHAVERS,

Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant Detective Darrell Chavers*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:* *Joshua J. Lax*
*Lisa M. Richardson*

*Tel:* (212) 442-2359/(212) 442-0832

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 2

STANDARD OF REVIEW ....................................................................................... 2

ARGUMENT

      POINT I

            PLAINTIFF FALSE ARREST CLAIM SHOULD BE
DISMISSED BECAUSE THERE WAS PROBABLE
CAUSE FOR HIS ARREST................................................................... 3

            A. Plaintiff Was Arrested Pursuant to a Valid Arrest
Warrant. ................................................................................................ 4

            B. Plaintiff Was Arrested Based on Information Provided
by a Complaining Witness..................................................................... 6

      POINT II

            PLAINTIFF'S MALICIOUS PROSECUTION CLAIM
SHOULD BE DISMISSED BECAUSE THERE WAS
PROBABLE CAUSE FOR HIS PROSECUTION AND HE
WAS INDICTED BY A GRAND JURY ................................................ 8

      POINT III

            DETECTIVE CHAVERS IS ENTITLED TO QUALIFIED
IMMUNITY ....................................................................................... 10

      POINT IV

            ANY STATE LAW CLAIMS MUST BE DISMISSED
BECAUSE PLAINTIFF HAS FAILED TO COMPLY
WITH THE CONDITIONS PRECEDENT TO SUIT ......................... 12

CONCLUSION........................................................................................................ 14

i

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                                          <u>**Pages**</u>

<u>Anderson v. Creighton,</u>
    483 U.S. 635 (1987)...................................................................................................10

<u>Anderson v. Liberty Lobby, Inc.,</u>
    477 U.S. 242 (1986)...................................................................................................3

<u>Andersen v. United States,</u>
    98 CV 4782 (ADS), 2001 U.S. Dist. LEXIS 24469 (E.D.N.Y. July 20, 2001)........................4

<u>Baez v. New York City Health and Hospitals Corp.,</u>
    80 N.Y.2d 571 (1992)...................................................................................................13

<u>Barchet v. New York City Transit Auth.,</u>
    20 N.Y.2d 1 (1967)...................................................................................................12

<u>Bernard v. U.S.,</u>
    25 F.3d 98 (2d Cir. 1994)...................................................................................3-4, 9

<u>Breitbard v. Mitchell,</u>
    390 F.Supp. 2d. 237 (E.D.N.Y. 2005)...................................................................................6

<u>Brown v. Metropolitan Transportation Authority,</u>
    717 F.Supp. 257 (S.D.N.Y. 1989)...................................................................................13

<u>Celotex Corp. v. Catrett,</u>
    477 U.S. 317 (1986)...................................................................................................2

<u>Cerrone v. Brown,</u>
    246 F.3d 194 (2d Cir. 2001)...................................................................................................11

<u>Collins v. Brown,</u>
    514 N.Y.S.2d 538 (N.Y. App. Div. 3d Dep't. 1987)...................................................................4

<u>Colon v. City of New York,</u>
    60 N.Y.2d 78, 468 N.Y.S.2d 453 (1983)...................................................................9-10

<u>Covington v. City of N.Y.,</u>
    171 F.3d 117 (2d Cir. 1999)...................................................................................................4

<u>Curley v. Village of Suffern,</u>
    268 F.3d 65 (2d Cir. 2001)...................................................................................................6

<u>Curry v. City of Syracuse,</u>
    316 F.3d 324 (2d Cit. 2003)...................................................................................................4

**Cases**                                                                                                           **Pages**

D'Amico v. City of N.Y.,
    132 F.3d 145 (2d Cir. 1998),
    <u>cert. denied</u>, 542 U.S. 911, (1998) .............................................................................2

Dukes v. City of New York,
    879 F.Supp. 335 (S.D.N.Y. 1995) ...................................................................2, 3

Gallo v. Prudential Residential Services,
    22 F.3d 1219 (2d Cir. 1994) ..............................................................................2

Golino v. City of New Haven,
    950 F.2d 864 (2d Cir. 1991) ...........................................................................4, 5

Green v. Montgomery,
    219 F.3d 52 (2d Cir. 2000) ................................................................................9

Hargroves v. City of New York,
    10-952, 2011 U.S. App. LEXIS 3598 (2d Cir. Feb. 22, 2011) ...................... 10-11

Harlow v. Fitzgerald,
    457 U.S. 800, 102 S.Ct. 2727 (1992)................................................................10

Heck v. Humphry,
    512 U.S. 477 (1994).........................................................................................4

Jean v. City of New York,
    09 Civ. 801 (RJD), 2011 U.S. Dist LEXIS 110954 (E.D.N.Y. Sept. 22, 2011).......................6

Jenkins v. City of New York,
    478 F.3d 76 (2d Cir. 2007) ..............................................................................11

Jones v. Trump,
    971 F.Supp. 783 (S.D.N.Y. 1997) ......................................................................5

Koester v. Lanfranchi,
    288 Fed. Appx. 764 (2d Cir. 2008)...................................................................6, 7

Manganiello v. City of New York,
    612 F.3d 149 (2d Cir. 2010) ..............................................................................9

Marshall v. Sullivan,
    105 F.3d 47 (2d Cir. 1996) ................................................................................9

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. (1986).................................................................................................2

**Cases**                                                                                                  **Pages**

Miloslavsky v. AES Eng'g Soc'y, Inc.,
    808 F.Supp. 351 (S.D.N.Y. 1992),
    aff'd, 993 F.2d 1534 (2d Cir. 1993) ............................................................................... 6

Mitchell v. Forsyth,
    472 U.S. 511 (1985)...................................................................................................... 10

Moore v. City of New York,
    08 CV 2449 (RRM)(LB), 2011 U.S. Dist. LEXIS 20370 (E.D.N.Y. Feb. 28, 2011)............... 5

Morillo v. City of New York,
    95 Civ. 2176 (JSM), 1997 U.S. Dist. LEXIS 1665 (S.D.N.Y. Feb. 20, 1997) ......................... 9

Murphy v. Lynn,
    118 F.3d 938 (2d Cir. 1997) ......................................................................................... 8

Oliviera v. Mayer,
    23 F.3d 642 (2d Cir. 1994),
    cert. denied, 513 U.S. 1076 (1995) ............................................................................... 10

Pearson v. Callahan,
    555 U.S. 223 (2009)................................................................................................11, 12

Phillips v. Eppolito,
    02 CV 5662 (DLC), 2004 U.S. Dist. LEXIS 18565 (S.D.N.Y. 2004) ..................................... 3

Phillips v. Village of Frankfort,
    31 Misc.2d 815, 220 N.Y.S.2d 171 (1961)...................................................................... 13

Rohman v. New York City Transit Auth.,
    215 F.3d 208 (2d Cir. 2000) ....................................................................................... 8-9

Saucier v. Katz,
    533 U.S. 194 (2001)................................................................................................10, 11

Saunsen v. State,
    440 N.Y.S.2d 281 (N.Y. App. Div. 2d Dept 1981) ............................................................. 4

Savino v. City of New York,
    331 F.3d 63 (2d Cir. 2003) ........................................................................................3, 9

**Cases**            **Pages**

Silberstein v. County of Westchester,
     92 A.D. 867 (2d Dep't 1983,
     aff'd, 62 N.Y.2d 675 (1984)............................................................13

Singer v. Fulton County Sheriff,
     63 F.3d 110 (2d Cir. 1995) ......................................................5, 6, 9

St. John v. Marborough,
     558 N.Y.S.2d 332 (N.Y. App. Div. 3d Dept 1990) .............................4

Velasquez v. Bankich,
     97 CV 8424 (AKH), 2000 U.S. Dist. LEXIS 15412 (S.D.N.Y. 2000)................3

Washington v. County of Rockland,
     373 F.3d 310 (2d Cir. 2004) .................................................................9

Westinghouse Elec. Corp. v. N.Y. City Transit Auth.,
     735 F. Supp. 1205 (S.D.N.Y. Apr. 13, 1990) .....................................2

Weyant v. Okst,
     101 F.3d 845 (2d Cir. 1996) ................................................................4

Wilson v. Layne,
     526 U.S. 603 (1999)...........................................................................12


**Statutes**            **Pages**

42 U.S.C. § 1983.......................................................................................1

Fed. R. Civ. P. 56......................................................................................1

Fed. R. Civ. P. 56(e) .................................................................................3

N.Y. Gen. Mun. L. §§ 50-e, et seq.......................................................12, 13

N.Y. Penal L. § 120.00 ..............................................................................8

N.Y. Penal L. § 120.05(2)...........................................................................8

N.Y. Penal L. § 110.00/125.25(1) .............................................................8

**Treatises**            **Pages**

W. Keeton et. al., Prosser and Keeton on the Law of Torts 888 (5th ed. 1984)) ........................4-5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

JAMAAL RUSS

                             Plaintiff,

               -against-

DARRELL CHAVERS,

                         Defendant.

------------------------------------------------------------------------ X

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

10 CV 1370 (SLT)(JO)

## PRELIMINARY STATEMENT

       Plaintiff *pro se* Jamaal Russ brings this action pursuant to 42 U.S.C. § 1983 against defendant Detective Darrell Chavers ("Detective Chavers") alleging violations of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments, and under any applicable state laws. Specifically, plaintiff alleges that he was falsely arrested and maliciously prosecuted stemming from an incident that occurred on August 22, 2007.

       Defendant Detective Chavers now moves for summary judgment on all the foregoing claims pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that: (1) plaintiff's false arrest claim should be dismissed because there was probable cause for his arrest; (2) plaintiff's malicious prosecution claim should be dismissed because there was probable cause for his prosecution and plaintiff was indicted by a grand jury; (3) Detective Chavers is entitled to qualified immunity; and (4) any state law claims must be dismissed because plaintiff failed to comply with conditions precedent to suit. Accordingly, defendant

respectfully submits that the Court should grant defendant's motion for summary judgment and dismiss plaintiff's complaint in its entirety.

## STATEMENT OF FACTS

The Court is respectfully referred to Defendant's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, dated July 11, 2012, which is being submitted concurrently herewith for the relevant facts.

## STANDARD OF REVIEW

The purpose of summary judgment is to expedite civil actions by eliminating from the trial calendar those claims that can be properly resolved as a matter of law.  Summary judgment is appropriate where no genuine issue of material fact exists.  D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998), cert. denied, 524 U.S. 911 (1998).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'"  Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The Second Circuit has held that a "moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case."  Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994).   As the Court stated in Westinghouse Elec. Corp. v. N.Y.C. Transit Auth., "one of the principal purposes of the summary judgment rule is to isolate and dispose of factually insupportable claims … thereby permitting courts to avoid 'protracted, expensive and harassing trials.'"  735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (citing Celotex v. Catrett, 477 U.S. 317 (1986)).  Furthermore, "the substantive law governing the case will identify those facts that are material, and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Dukes v. City of New York, 879 F. Supp. 335, 339 (S.D.N.Y. 1995).  "The mere existence of

some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Id.

To survive a motion for summary judgment, the non-moving party must do more than present evidence that is merely colorable, conclusory, or speculative. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Additionally, the non-movant "may not rest upon the mere allegations or denials of the adverse party's pleading, but … must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Phillips v. Eppolito et al., 02 CV 5662 (DLC), 2004 U.S. Dist. LEXIS 18565, *5 (S.D.N.Y. 2004). The non-movant "may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Velasquez v. Bankich, 97 CV 8424 (AKH), 2000 U.S. Dist. LEXIS 15412, at *4 (S.D.N.Y. 2000). Rather, he must offer evidence demonstrating there exists a genuine issue of fact that must be decided by a fact finder.

Here, the Court should grant summary judgment in favor of Detective Chavers because plaintiff has not and cannot proffer any admissible evidence that would allow the fact finder to properly proceed to a verdict in his favor.

## ARGUMENT

### Point I

#### PLAINTIFF'S FALSE ARREST CLAIM SHOULD BE DISMISSED BECAUSE THERE WAS PROBABLE CAUSE FOR HIS ARREST

In order to state a claim of false arrest, a plaintiff must show: "'(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (quoting Bernard v.

3

United States, 25 F.3d 98, 102 (2d Cir. 1994)); <u>see also</u>, <u>Curry v. City of Syracuse</u>, 316 F.3d 324,

335 (2d Cir. 2003). In other words, "'a plaintiff claiming false arrest must show, inter alia, that

the defendant intentionally confined him without his consent and without justification.'"

<u>Covington v. City of New York</u>, 171 F.3d 117, 122 (2d Cir. 1999) (quoting <u>Weyant v. Okst</u>, 101

F.3d 845, 852 (2d Cir. 1996)). Here, defendant Detective Chavers respectfully submits that he is

entitled to summary judgment on plaintiff's false arrest claim on two separate grounds.

**A. Plaintiff Was Arrested Pursuant to a Valid Arrest Warrant**

Defendant Detective Chavers respectfully submits that summary judgment should

be granted on plaintiff's false arrest claim because plaintiff's arrest was made pursuant to a valid

arrest warrant. In general, when an arrest is effected pursuant to an arrest warrant issued by a

neutral magistrate, a presumption of probable cause is created. <u>See</u> <u>Golino v. City of New</u>

<u>Haven</u>, 950 F.2d 864, 870 (2d Cir. 1991). Under New York law, "[a]n arrest is privileged if it is

made pursuant to a lawful warrant." <u>Andersen v. United States</u>, No. 98-CV-4782 (ADS), 2001

U.S. Dist. LEXIS 24469, at *33 (E.D.N.Y. July 20, 2001) (citing <u>Collins v. Brown</u>, 514

N.Y.S.2d 538, 540 (N.Y. App. Div. 3d Dep't. 1987)); <u>see also</u>, <u>St. John v. Marborough</u>, 558

N.Y.S.2d 332, 334 (N.Y. App. Div. 3d Dep't. 1990) ("An arrest warrant validly issued by a court

having jurisdiction precludes an action for false arrest against the municipality and the police

officers involved with its execution.") (citations omitted). Furthermore, "[a]n arrest based on a

facially valid warrant, which results in an unlawful detention, does not give rise to an action for

false arrest even though the warrant was erroneously or improperly issued." <u>Saunsen v. State</u>,

440 N.Y.S.2d 281, 282-83 (N.Y. App. Div. 2d Dep't 1981). This is because false arrest does

not permit recovery for "confinement imposed pursuant to legal process." <u>Heck v. Humphrey</u>,

512 U.S. 477, 483 (1994) (citing W. Keeton et. al., Prosser and Keeton on the Law of Torts 888

(5th ed. 1984)). Thus, "[w]here an arrest is made pursuant to a warrant, there can be no claim for false arrest or unlawful imprisonment." <u>Jones v. Trump</u>, 971 F. Supp. 783, 788-89 (S.D.N.Y. 1997) (citing <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 118-19 (2d Cir. 1995)).[1]

   For example, in <u>Jones</u>, plaintiff *pro se* asserted claims of false arrest and unlawful imprisonment after he was arrested pursuant to a warrant. 971 F.Supp. at 788-89. Although plaintiff admitted the existence of a warrant, he alleged it had been obtained through defendants' misrepresentations. <u>Id</u>. at 789. The Court dismissed plaintiff's claims of false arrest and unlawful imprisonment pursuant to FED. R. CIV. P. 12(b)(6), finding that plaintiff had "failed to allege that defendants were not entitled to arrest him; . . . ." <u>Id</u>. As an arrest pursuant to a warrant is an arrest pursuant to legal process, the Court explained that plaintiff "may have a viable claim for malicious prosecution after the final resolution of his criminal prosecution, [but] the claims for unlawful imprisonment or false arrest must be dismissed." <u>Id</u>.

   Here, it is undisputed that defendant Detective Chavers obtained an arrest warrant signed by the Honorable John H. Wilson in the New York City Criminal Court, Kings County, authorizing plaintiff's arrest. <u>See</u> Defendant's 56.1 St. at ¶ 26. At the same time, Detective Chavers signed a Criminal Complaint. <u>Id</u>. at ¶ 26. Both documents were sworn before Judge Wilson. As a result, there is a presumption of probable cause for plaintiff's arrest which entitles Detective Chavers to summary judgment on plaintiff's false arrest claim.

---

[1] An arrest warrant also creates a presumption that the police officer is shielded from liability by qualified immunity. <u>See, e.g.</u>, <u>Golino</u>, <u>supra</u>; <u>Moore v. City of New York,</u> Docket No. 08-CV-2449 (RRM)(LB), 2011 U.S. Dist. LEXIS 20370, at *17-18 (E.D.N.Y. Feb. 28, 2011).

**B. Plaintiff Was Arrested Based on Information Provided by a Complaining Witness**

Defendant Detective Chavers respectfully submits that he is also entitled to summary judgment on plaintiff's false arrest claim because there was probable cause for plaintiff's arrest based on information provided by a complaining witness.

Allegations brought by the putative victim of a crime are generally sufficient, by themselves, to furnish an officer with probable cause to make an arrest. See, e.g., Curley v. Village of Suffern, 268 F. 3d 65, 68 (2d Cir. 2001) (citing Singer, 63 F.3d at 119); Miloslavsky v. AES Eng'g Soc'y, Inc., 808 F. Supp. 351, 255 (S.D.N.Y. 1992) ("the veracity of citizen complainants who are the victims of the very crime they report to the police is assumed"), aff'd 993 F.2d 1534 (2d Cir. 1003); Breitbard v. Mitchell, 390 F. Supp, 2d 237, 245 (E.D.N.Y. 2005) (citations omitted) ("a crime victim's unequivocal identification of a suspect in a police complaint provides probable cause for an arrest, so long as the arresting officer's belief in the complaint's allegations was reasonable."). "Unless there are "'circumstances that raise doubt as to the victim's veracity," a victim's report of a crime is generally enough, by itself, to establish probable cause.'" Jean v. City of New York, 09 Civ. 801 (RJD), 2011 U.S. Dist. LEXIS 110954, at *12 (E.D.N.Y. Sept. 22, 2011) (quoting Koester v. Lanfranchi, 288 Fed. Appx. 764 (2d Cir. 2008)). The requirements for the veracity of a report are relatively minimal. "'[W]hen a 'victim precisely identifies the alleged perpetrator of a crime and there is independent corroborative evidence to support at least some of the victim's assertions, a person of reasonable caution is warranted in believing that an offense has been committed by the alleged perpetrator.'" Id. at *12-13 (citations omitted). Moreover, " [a] variety of circumstances might corroborate a putative victim's veracity . . . . such . . . as (1) the officer's observation of the putative victim's physical injuries, (2) the level of detail and consistency in the putative victim's description of

6

events, [or] (3) the putative victim's identification of the plaintiff by name and physical description." Id. at *13 (internal citations and quotations omitted).

Here, the Criminal Complaint signed by defendant Detective Chavers states that the basis of Chavers' information against plaintiff was provided by a complaining witness and victim, Tyrone Jordan. See Defendant's 56.1 St. at ¶ 26.   On August 22, 2007, Jordan was shot one time in the abdomen in front of 315 Sutter Avenue in Brooklyn. Id. at ¶¶ 7; 26.   Later that day, Jordan was interviewed by Detective Chavers, at which time he informed Detective Chavers that a man named "Black" had shot him in the stomach. Id. at ¶ 10.   Jordan also provided Detective Chavers with sufficient detail of the shooting to warrant belief in Jordan's account of the events: the identity of the shooter, a description of the shooter's clothing (blue hoody), the shooter's complexion (dark skinned), the address of the shooter's residence (301 Sutter Avenue), and provided a motive for the shooting (a feud between buildings in the public housing complex). Id. at ¶¶ 10-11.

In addition, the information Detective Chavers received from other eyewitnesses sufficiently corroborates Jordan's account of the incident for the purpose of establishing probable cause.   Specifically, one witness identified plaintiff as the shooter in a photographic line-up on the day of the shooting. Id. at ¶¶ 12-15.   That witness, Broderick Nesbitt, identified plaintiff as the individual in position "1" of the array.   Id.   Nesbitt also recounted to investigators his observations of the entire shooting, which matched the version provided by the victim, Jordan. Id.   As a result of the information provided by Jordan and Nesbitt, Detective Chavers had sufficient and trustworthy information that would warrant a reasonable officer in believing he had probable cause that plaintiff shot Jordan.   Thus, at the very least, there was probable cause

for plaintiff's arrest for Assault in the Third Degree,[2] as well as other charges including Assault in the Second Degree: Assault with a Deadly Weapon[3] and Attempted Murder in the Second Degree.[4]

Accordingly, based on the fact that plaintiff was arrested pursuant to a valid warrant, and demonstrable probable cause existed for plaintiff's arrest based on the information provided by the complaining witness, defendant Detective Chavers respectfully submits that he is entitled to summary judgment on plaintiff's false arrest claim.

**Point II**

> **PLAINTIFF'S MALICIOUS PROSECUTION CLAIM SHOULD BE DISMISSED BECAUSE THERE WAS SUFFICIENT PROBABLE CAUSE TO BELIEVE PLAINTIFF SHOT THE VICTIM IN THE UNDERLYING CRIMINAL MATTER AND PLAINTIFF WAS INDICTED BY A GRAND JURY**

Detective Chavers is also entitled to Summary Judgment on plaintiff's malicious prosecution claim. Under New York law, in order to establish a claim of malicious prosecution, a plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997). In addition to these state law elements, a malicious prosecution claim brought under § 1983 requires showing "a sufficient post-

---

[2] Under the New York Penal Law "A person is guilty of assault in the third degree when: 1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or 2. He recklessly causes physical injury to another person; or 3. With criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument." N.Y. PENAL L. § 120.00.

[3] N.Y. PENAL L. § 120.05(2).

[4] N.Y. PENAL L. § 110.00/125.25(1) ("With intent to cause the death of another person, he causes the death of such person or of a third person. . . .").

arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Rohman v. New York City Transit Authority, 215 F.3d 208, 215 (2d Cir. 2000). "[T]here must be a seizure or other 'perversion of proper legal procedures' implicating the claimant's personal liberty and privacy interests under the Fourth Amendment." Washington v. County of Rockland, 373 F.3d 310, 316 (2d Cir. 2004) (citing Singer, 63 F.3d at 117). Here, plaintiff can show no perversion of the legal process and a result his claim fails.

First, Detective Chavers had probable for the issuance of the Criminal Complaint against plaintiff. "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York . . . ." Manganiello v. City of New York, 612 F.3d 149, 161-62 (2d Cir. 2010) (first alteration in original) (quoting Savino v. City of New York, 331 F.3d at 72) (internal quotation marks omitted). As described in Point I, supra, there was probable cause to believe plaintiff shot Tyrone Jordan based on information provided by both the shooting victim and a third-party witness, Nesbitt. Therefore, plaintiff cannot show that the Criminal Complaint against him was inappropriately procured by Detective Chavers.

Second, under New York law, a grand jury indictment creates a presumption of probable cause for purposes of defending against a malicious prosecution claim. See Green v. Montgomery, 219 F..3d 52, 60 (2d Cir. 2000) (citing Marshall v. Sullivan, 105 F.3d 47, 54 n.2 (2d Cir. 1996)). For a plaintiff to succeed on a malicious prosecution claim after being indicted by a grand jury, he must demonstrate that the indictment was produced by "fraud, perjury, the suppression of evidence by the police or other police conduct undertaken in bad faith." Green, 219 F.3d at 60 (citing Bernard v. United States, 25 F.3d 98, 104 (2d Cir. 1994)); see also, Morillo v. City of New York, 95 Civ. 2176 (JSM), 1997 U.S. Dist. LEXIS 1665 at *15 (S.D.N.Y. Feb. 20, 1997) (citing Colon v. City of New York, 60 N.Y.2d 78, 82-83, 468 N.Y.S.2d

453 (1983)).  Here, it is undisputed that a grand jury indicted plaintiff on March 20, 2008 on

various charges including Attempted Murder,  see Defendant's 56.1 St. at ¶ 28, and plaintiff has

not come forward with any evidence to show that the indictment was procured by fraud, perjury,

or other bad faith misconduct.

For these reasons, defendant Detective Chavers respectfully submits that he is

entitled to summary judgment on plaintiff's claim for malicious prosecution.

<u>Point III</u>

### DETECTIVE CHAVERS IS ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity protects government employees from civil liability where

performance of their discretionary functions "does not violate clearly established statutory or

constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald,

457 U.S. 800, 818 (1992).  Qualified Immunity is "an immunity from suit rather than a mere

defense to liability [....]".  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  The question of

qualified immunity is independent from the merits of the underlying action and must be

examined independent of the underlying […] claims.  See Saucier v. Katz, 533 U.S. 194 (2001).

"[T]o deny summary judgment any time a material issue of fact remains . . . could undermine the

goal of qualified immunity."  Id. at 202.  The application of qualified immunity is important

since it is inevitable that "officials will, in some cases, reasonably but mistakenly [take actions

that are later found to be unlawful]; in such cases those officials . . . who act in ways they

reasonably believe to be lawful, should not be held personally liable." Anderson v. Creighton,

483 U.S. 635, 641 (1987); Oliveira v. Mayer, 23 F.3d 642, 648 (2d Cir. 1994) (cert. denied, 513

U.S. 1076 (1995).  Thus, qualified immunity protects "all but the plainly incompetent or those

who knowingly violate the law." <u>Hargroves v. City of New York</u>, No. 10-952, 2011 U.S. App. LEXIS 3598, at *10 (2d Cir. Feb. 22, 2011) (internal quotations and citations omitted).

      A police officer is entitled to immunity from suit for acts undertaken in his official capacity so long as "'(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act.'" <u>Jenkins v. City of New York</u>, 478 F.3d 76, 87 (2d Cir. 2007) (quoting <u>Cerrone v. Brown</u>, 246 F.3d 194, 199 (2d Cir. 2001)). The Supreme Court has held that "the <u>Saucier</u> procedure should not be regarded as an inflexible requirement" and concluded that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." <u>Pearson v. Callahan</u>, 555 U.S. 223, 227, 237-238 (2009). Thus, the district courts are free to apply the two prongs of the test for qualified immunity in the order each judge believes best suits the circumstances of the case. <u>Id.</u> at 242.

      Here, Detective Chavers is entitled to qualified immunity for plaintiff's arrest under either prong. In terms of the first prong, preexisting law does not clearly establish that the validity of a victim or witnesses observations of an incident must be established beyond a certainty before a person may be arrested for as a result of that incident. On the contrary, the case law says the opposite. Accordingly, because defendant Detective Chavers' actions did not violate clearly established law, he is entitled to qualified immunity.

      Turning to the second prong of the qualified immunity test, it was objectively reasonable for Detective Chavers to believe he was lawfully arresting plaintiff. "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law. Police officers are entitled to rely on

existing lower court cases without facing personal liability for their actions." <u>Pearson</u>, 555 U.S. at 244-45 (citing <u>Wilson v. Layne</u>, 526 U.S. 603, 618 (1999)).   For the reasons set forth in Point I, <u>supra</u>, Detective Chavers received sufficient information from both the victim, Jordan, and a witness, Nesbitt, to believe that plaintiff had committed several violations of the Penal Law.  As a result, it was reasonable to believe that there was arguable probable cause for plaintiff's arrest and prosecution on charges of Assault and Attempted Murder.

Accordingly, Detective Chavers respectfully submits that he is entitled to qualified immunity on plaintiff's claims for false arrest and malicious prosecution.

<u>**Point IV**</u>

**TO THE EXTENT THAT PLAINTIFF BRINGS ANY STATE LAW CLAIMS, THEY ARE BARRED BY HIS FAILURE TO COMPLY <u>WITH CONDITIONS PRECEDENT TO SUIT</u>**

To the extent plaintiff's allegations in the complaint can be liberally construed to include claims brought under New York state law, such claims should be dismissed for failure to comply with conditions precedent to suit pursuant to N.Y. Gen. Mun L. §§ 50-e, and 50-i.  Under New York law, when suing the City or its employees, a notice of claim is required pursuant to New York General Municipal Law § 50-e(1)(b).  Gen. Mun. L. §§ 50-e and 50-i require that plaintiffs asserting state tort law claims against a municipal entity or its employees acting in the scope of employment must: (1) file a notice of claim within ninety days after the incident giving rise to the claim; and (2) commence the action within a year and ninety days from the date on which the cause of action accrues.

A notice of claim is a statutory precondition to suit against a municipality or any of its officers, agents or employees.  Gen. Mun. L. §§ 50-e and 50(i)(1)(a); <u>Barchet v. New York City Transit Auth.</u>, 20 N.Y.2d 1, 6 (1967).  The failure to comply with this condition is grounds

for dismissal of the action.  <u>See</u> <u>Brown v. Metropolitan Transp. Auth.</u>, 717 F. Supp. 257, 259 (S.D.N.Y. 1989); <u>Silberstein v. County of Westchester</u>, 92 A.D.2d 867 (N.Y. App. Div. 1983), <u>aff'd</u>, 62 N.Y.2d 675 (1984).  Gen. Mun. L. §§ 50-e and 50-i have been strictly construed by both state and federal courts.  <u>See</u> <u>Baez v. New York City Health and Hospitals Corp.</u>, 80 N.Y.2d 571, 576 (1992); <u>Phillips v. Village of Frankfort</u>, 31 Misc.2d 815, 220 N.Y.S.2d 171 (Sup. Ct. 1961).

   Upon information and belief, plaintiff has not filed a Notice of Claim in this matter, as neither the Office of the Corporation Counsel of the City of New York, nor the City of New York Comptroller's Office has record of such a Notice being filed.  Accordingly, because plaintiff has failed to comply with Gen. Mun. L. § 50-e, any state claims are barred and must also be dismissed.

## CONCLUSION

For the foregoing reasons, defendant Detective Darrell Chavers respectfully requests that the Court dismiss the Complaint against him, and grant such other and further relief as this Court may deem just and proper.

Dated:          New York, New York
               July 11, 2012

                                   MICHAEL A. CARDOZO
                                   Corporation Counsel of the
                                   City of New York
                                   *Attorney for Defendant Detective Darrell
                                   Chavers*
                                   100 Church Street, Rm. 3-158c
                                   New York, NY 10007
                                   (212) 442-2359

                          By:      _____
                                   Joshua J. Lax
                                   Special Assistant Corporation Counsel

14

## DECLARATION OF SERVICE BY MAIL

I, Joshua J. Lax, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on July 11, 2012, I served the annexed MEMORANDUM OF LAW and APPENDIX upon the following plaintiff pro se by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiff for that purpose:

Jamal Russ
*Plaintiff Pro Se*
5812 Summerglen Lane
College Park, GA 30349


Dated:     New York, New York
           July 11, 2012




_____
JOSHUA J. LAX
SPECIAL ASSISTANT CORPORATION
COUNSEL